O

# United States District Court
# Central District of California

| | |
|---|---|
| BRYAN BARELLO,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF LONG BEACH, LONG BEACH UNIFIED SCHOOL DISTRICT, JAMES KROEGER, STEPHAN RITCHIE, TIMOTHY OLSON, STEVEN DUONG, DANNY CORONEL, ERNESTO MORA, and DOES 1 through 10, inclusive,<br><br>    Defendants. | Case No. 2:18-cv-04286-ODW(EX)<br><br>**ORDER DENYING DEFENDANTS' MOTION TO DISMISS THE COMPLAINT AGAINST DEFENDANTS LONG BEACH UNIFIED SCHOOL DISTRICT, STEVEN DUONG, DANNY CORONEL, AND ERNESTO MORA [28] AND GRANTING DEFENDANTS' MOTION TO STRIKE [29]** |

## I. INTRODUCTION

Presently before the Court is Defendants Steven Duong, Danny Coronel, Ernesto Mora, and Long Beach Unified School District's Motion to Dismiss the Complaint for failure to state a claim and Motion to Strike portions of Barello's Complaint that seek punitive damages. For the reasons discussed below, the Court **DENIES** Defendants' Motion to Dismiss (ECF No. 28) and **GRANTS** Defendants' Motion to Strike (ECF No. 29).[1]

---

[1] After carefully considering the papers filed in support of the motions, the Court deemed the matters appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

## II. FACTUAL BACKGROUND[2]

Plaintiff Bryan Barello ("Barello") is divorced and claims that he had custody of his five daughters on May 27, 2016. (Compl. ¶ 22, ECF No. 1.) On that day, he picked up his two eldest daughters and was picking up his three younger daughters from a Long Beach preparatory school when his two eldest daughters became upset and got out of his vehicle. (*Id.* ¶¶ 21–23.) One daughter called her mother while the other yelled at Barello. (*Id.* ¶ 24.) The commotion caused other parents to summon school officials, who in turn called the police. (*Id.* ¶ 25.)

After the police officers arrived, Officer Stephan Ritchie ("Ritchie") notified Barello that although he had custody of his daughters that day, the Court order stated that he could not force his oldest daughters to go with him. (*Id.* ¶ 30.) Barello's ex-wife arrived, and Officer James Kroeger ("Kroeger") stood with Barello while Officer Ritchie spoke with her. (*Id.* ¶ 31.) Long Beach Unified School District ("LBUSD") School Safety Officers ("SSO") Steven Duong ("Duong"), Danny Coronel ("Coronel"), and Ernesto Mora ("Mora") stood with Officer Kroeger. (*Id.* ¶ 34.)

According to Barello, Officer Kroeger and Barello exchanged words and then Officers Ritchie and Kroeger stood shoulder to shoulder to obstruct Barello's daughters' view while Officer Ritchie punched him in the upper torso. (*Id.* ¶¶ 36–41.) Officer Kroeger informed Barello that he was being arrested for disturbing the peace, and Officer Ritchie, and SSOs Duong, Coronel, and Mora grabbed Barello as Officer Kroeger handcuffed him. (*Id.* ¶¶ 43–46.) Barello claims that Officers Kroger and Ritchie, with SSOs Duong, Coronel, and Mora, collectively escorted him to the patrol car while one of them deliberately shoved his wrists up behind his back to exert pain upon his shoulders, arms, wrists, and hands. (*Id.* ¶ 47.) The officers placed Barello

---

[2] The facts are drawn from Barello's Complaint and taken as true at this procedural stage. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

inside a Long Beach police patrol car, and Officer Kroeger took him to jail. (*Id.* ¶¶ 49, 52.)[3]

On May 21, 2018, Barello filed his Complaint against the City of Long Beach and Long Beach Police Officers Kroeger, Ritchie, and Timothy Olson (collectively, "LBPD Defendants"), as well as LBUSD and LBUSD SSOs Duong, Coronel, and Mora (collectively, "LBUSD Defendants"). (*See generally id.*) Barello brought causes of action for (1) unreasonable seizure of person – unlawful arrest without warrant or probable cause under the Fourth Amendment (42 U.S.C. § 1983); (2) excessive and unreasonable use of force on person under the Fourth Amendment (42 U.S.C. § 1983); (3) violation of First Amendment rights (42 U.S.C. § 1983); and (4) loss of parent-child relationship without Due Process of the law under the Fourth and Fourteenth Amendments (42 U.S.C. § 1983). (*Id.*)

LBUSD Defendants move to dismiss all claims against them on the basis that Barello has failed to state a claim against them. (Mot. to Dismiss ("Mot."), ECF No. 28.) LBUSD Defendants also move to strike portions of Barello's Complaint seeking punitive damages. (Mot. to Strike ("MTS"), ECF No. 29.) Barello opposes the motion to dismiss. (Opp'n, ECF No. 34.) Both motions are before this Court for consideration.

### III. MOTION TO DISMISS

**A. LEGAL STANDARD**

A court may dismiss a complaint pursuant to Rule 12(b)(6) for "lack of a cognizable legal theory or . . . [in]sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To survive a motion to dismiss, a complaint need only satisfy "the minimal notice pleading requirements of Rule 8(a)(2)": a short and plain statement of the claim.

---

[3] Barello asserts additional factual allegations as to the LBPD Defendants following his arrest. (*See id.* ¶¶ 52–59.) The Court does not recite those allegations here, as they are irrelevant to disposition of the LBUSD Defendants' motions.

*Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003). The "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). That is, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp.*, 550 U.S. at 570)).

The determination of whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. A court is generally limited to the pleadings and must construe "[a]ll factual allegations set forth in the complaint . . . 'as true and . . . in the light most favorable'" to the plaintiff. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (quoting *Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996)). But a court need not blindly accept "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

**B. UNREASONABLE SEIZURE OF PERSON – UNLAWFUL ARREST WITHOUT WARRANT OR PROBABLE CAUSE UNDER FOURTH AMENDMENT (42 U.S.C. § 1983)**

LBUSD Defendants move to dismiss Barello's first cause of action on the basis that they are SSOs, not law enforcement officers, and could not have effected the allegedly unlawful arrest. (Mot. 3.) However, Barello's first cause of action is for "unreasonable seizure of person—unlawful arrest without warrant or probable cause," not only unlawful arrest. (Compl. 9.) Taking all factual allegations as true and in the light most favorable to Barello, he sufficiently pled a claim for unreasonable seizure under 42 U.S.C. § 1983 against LBUSD Defendants.

To establish a claim under 42 U.S.C. § 1983, plaintiffs must plead that (1) the defendants acting under color of state law (2) deprived plaintiffs of rights secured by the Constitution or federal statutes. *Gibson v. United States*, 781 F.2d 1334, 1338 (9th

4

Cir. 1986). "A public employee acts under color of state law while acting in his official capacity or while exercising his responsibilities pursuant to state law." *West v. Atkins*, 487 U.S. 42, 49 (1988). "[T]he plaintiff must also demonstrate that the defendant's conduct was the actionable cause of the claimed injury." *Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008). In addition to the preliminary § 1983 requirements, a claim of unreasonable seizure of person requires "government actors [to] have, 'by means of physical force or show of authority, . . . in some way restrained the liberty of a citizen.'" *Graham v. Connor*, 490 U.S. 386, 395 n.10 (1989) (omissions in original) (quoting *Terry v. Ohio*, 392 U.S. 1, 19 n.16 (1968)).

Here, Barello sufficiently pled a cause of action for unreasonable seizure against the LBUSD Defendants under § 1983. Barello alleges that LBUSD Defendants Duong, Coronel, and Mora acted under color of state law because LBUSD employed them as SSOs and they acted within the scope of their employment when they assisted LBPD Defendant Officers Ritchie and Kroeger. (Compl. ¶¶ 9–11.) Barello also alleges that the acts of LBUSD Defendants Duong, Coronel, and Mora deprived him of his constitutional rights because they unreasonably seized him and applied excessive force against him under the Fourth Amendment (*id.* ¶¶ 43, 47, 66, 70, 71), suppressed Barello's freedom of speech under the First Amendment (*id.* ¶¶ 76, 79), and deprived him of his parent-child relationship under the Fourteenth Amendment (*id.* ¶¶ 91, 93). Moreover, Barello alleges that LBUSD Defendants' acts caused him harm. (*Id.* ¶¶ 58, 73, 88, 93.) Defendant Officers Kroeger and Ritchie, together with LBUSD Defendants Duong, Coronel and Mora "grabbed" Barello when Kroeger notified Barello that he was under arrest, and they all "escorted" him to the waiting patrol car. (*Id.* ¶¶ 43, 47.) Barello alleges that as they "escorted" him, "one of the those [sic] and/or DOE officers [was] jamming and shoving [Barello's] wrists up behind his back with great force," inflicting "pain upon [Barello's] shoulders, arms, wrists and hands." (*Id.* ¶ 47.) Finally, accepting Barello's allegations as true,

LBUSD Defendants "grabbed" Barello and "escorted" him to the waiting patrol car, thereby restraining his liberty.

As Barello has sufficiently alleged a cause of action for unreasonable seizure under § 1983, the Court **DENIES** LBUSD Defendants' motion to dismiss Barello's first cause of action.

## C. EXCESSIVE/UNREASONABLE USE OF FORCE ON PERSON – VIOLATION OF FOURTH AMENDMENT RIGHTS (42 U.S.C. § 1983)

LBUSD Defendants move to dismiss Barello's second cause of action on the basis that Barello asserts no allegations that LBUSD Defendants detained Barello, and that the only allegations of excessive force are against LBPD Defendants, for instance when Ritchie punched Barello. (Mot. 4.) However, taking all factual allegations as true and in the light most favorable to Barello, Barello sufficiently pled an excessive use of force claim against LBUSD Defendants.

In addition to the preliminary § 1983 requirements addressed above, a cause of action for excessive force is adjudicated under the Fourth Amendment's "objective reasonableness" standard. *Graham*, 490 U.S. at 399. Application of this reasonableness test requires considering the factual circumstances and a multitude of factors, "including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he [was] actively resisting arrest or attempting to evade arrest by flight." *Id.*

Here, Barello's allegations address both the relevant factual circumstances and the *Graham* factors. Barello alleges that he never "assaulted, battered, threatened, resisted, or evaded" Defendants, and that Defendants, including LBUSD Defendants, had no reason to believe he posed a threat. (Compl. ¶¶ 61–62.) Nonetheless, according to Barello, LBUSD Defendants "grabbed" Barello and "escorted" him to the patrol vehicle while pulling his "wrists up behind his back to deliberately inflict pain upon [his] shoulders, arms, wrists and hands." (*Id.* ¶¶ 43, 47, 66–67.)

Therefore, Barello sufficiently pled a cause of action for unreasonable use of force under § 1983. Accordingly, the Court **DENIES** LBUSD Defendants' motion to dismiss Barello's second cause of action.

## D. VIOLATION OF FIRST AMENDMENT RIGHTS AND PARENT-CHILD RELATIONSHIP (42 U.S.C. § 1983)

LBUSD Defendants move to dismiss Barello's third and fourth causes of action solely on the basis that they did not arrest Barello, so they cannot be liable for Barello's alleged losses. (Mot. 4–5.) However, Barello's allegations regarding the suppression of speech and loss of parent-child relationship are premised on LBUSD Defendants' unreasonable seizure and use of excessive force. (*See* Compl. ¶¶ 79–80, 93.) As discussed above, the Court finds that Barello sufficiently pled his first and second causes of action against LBUSD Defendants. Although Barello's factual allegations here are thin, LBUSD Defendants argue only that these claims fail because Barello's first two causes of action fail. (Mot. 4–5.) Accordingly, the Court **DENIES** LBUSD Defendants' motion to dismiss Barello's third and fourth causes of action.

## E. CONCLUSION ON MOTION TO DISMISS

For the reasons discussed above, the Court **DENIES** LBUSD Defendants' motion to dismiss Barello's Complaint as to them. (ECF No. 28.)

## IV. MOTION TO STRIKE

LBUSD Defendants also move to strike portions of Barello's Complaint seeking punitive damages. (*See* MTS 4–5.) Barello filed a document entitled "Plaintiff's Corrected Memorandum of Points and Authorities In Opposition to Defendants' Motion to Dismiss and Motion to Strike Complaint for Damages." (Opp'n 1.)

"[A] court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Additionally, the failure to oppose a motion "may be deemed consent to the granting or denial of the motion." C.D. Cal. L.R. 7-12; *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995).

Although Plaintiff filed one opposition to both the motion to dismiss and motion to strike, Plaintiff's opposition did not substantively address the motion to strike. Instead, the "Opposition" contains headings and arguments that relate only to the motion to dismiss, and not the motion to strike. (*See generally id.*) In fact, the conclusion requests only that the Court deny the motion to dismiss. (*Id.* at 6.) Accordingly, the Court finds that the "Opposition" is an opposition in name only, and Barello failed to oppose the motion to strike.

Accordingly, the Court **GRANTS** LBUSD Defendants' motion to strike the portions of Barello's Complaint specifically seeking punitive damages.

The following portions are hereby struck from Barello's Complaint:

- Complaint ¶ 59: "sufficient for an award of punitive damages against said defendants (save CITY and LBUSD); in an amount to be shown at trial, in excessive of $5,000,000.00.";

- Complaint ¶ 74: "sufficient for an award of punitive / exemplary damages against all defendants and each of them, save defendants CITY and LBUSD, in an amount to be proven at trial which is in excess of $5,000,000.00.";

- Complaint ¶ 89: "sufficient for an award of punitive/ exemplary damages against all defendants and each of them, save defendants CITY and LBUSD, in an amount to be proven at trial which is in excess of $5,000,000.00.";

- Complaint ¶ 94: "sufficient for an award of punitive damages against said defendants (save CITY and LBUSD); all in an amount to be shown at trial, in excess of $5,000,000.00."; and

- Complaint p.27–28, Prayer for Relief ¶ 2: "For an award of punitive / exemplary damages in an amount to be shown at trial against all defendants, save defendants CITY and LBUSD, in an amount to be shown at trial, in excess of $5,000,000.00."

# V. CONCLUSION

For the reasons discussed above, the Court **DENIES** LBUSD Defendants' Motion to Dismiss (ECF No. 28) and **GRANTS** LBUSD Defendants' Motion to Strike (ECF No. 29).

**IT IS SO ORDERED.**

December 6, 2018

_____

**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**